### UNITED STATES of America, Plaintiff–Appellee,

v.

### Ronald W. EMRICK, Defendant–Appellant.

### No. 89–2033.

United States Court of Appeals, Tenth Circuit.

Feb. 9, 1990.

William L. Lutz, U.S. Atty., and James D. Tierney, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Michael G. Katz, Federal Public Defender, and Vicki Mandell–King, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Before McKAY, ANDERSON and BRORBY, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is an appeal from the trial court's upward departure from the guidelines in pronouncing sentence. Our task on appeal is set forth in our recent opinion in *United States v. White*, 893 F.2d 276 (10th Cir. 1990). There we adopted with detailed elaboration the standards spelled out in *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989).

*First, we assay the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary:* whether or not circumstances are of a kind or degree that they may appropriately be relied upon to justify departure is, we think, a question of law.

*Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves fact finding and the trier's determinations may be set aside only for clear error.* See 18 U.S.C. § 3742(d).

*Third,* once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, *the direction and degree of departure must, on appeal be measured by a standard of reasonableness.*

874 F.2d 43, 49 (1st Cir.1989) (emphasis added).

In order to perform this task, the trial court must make adequate findings as mandated by Fed.R.Crim.P. 32(c) and 18 U.S.C. § 3553(c). While there was some discussion during the hearing of factors

relating to upward departure, the sole statement of the court which might be called a finding is: "However, the conviction does not adequately represent the criminal conduct, and upward departure is warranted in this matter." Record, vol. 3, at 16.

This comment does not remotely comply with the requirements for findings. While the deficiency may be understandable at this early stage of guideline implementation, in the absence of sufficient findings we cannot conduct the review we are required to make. We therefore REVERSE and REMAND for appropriate findings.