**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bobby Lee DEAN, Defendant–Appellant.**

No. 89–6244.

United States Court of Appeals,
Tenth Circuit.

July 17, 1990.

Robert Mydans, Asst. U.S. Atty. (Leslie M. Kaestner, Asst. U.S. Atty., and Timothy D. Leonard, U.S. Atty., on the brief), for plaintiff-appellee.

June E. Tyhurst, Asst. Federal Public Defender (Rand C. Eddy, Asst. Federal Public Defender, Oklahoma City, Okl., on the brief), for defendant-appellant.

Before McKAY, EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.

EBEL, Circuit Judge.

Bobby Lee Dean (Dean) appeals from a sentence imposed in excess of the guideline range of imprisonment calculated pursuant to the Sentencing Reform Act of 1984, 28 U.S.C. § 994(a).

Dean was charged in a two-count indictment with possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Pursuant to a plea agreement, Count I (possession of a revolver) was dismissed and Dean pled guilty to Count II (possession of a 12-gauge semi-automatic shotgun). Although the sentencing guideline range for Dean was 18–24 months, the district court departed upward after reviewing the Presentence Report and considering statements made during the sentencing hearing. Dean was sentenced to four years, to run consecutive to the sentence he was then serving.

At the time of his sentencing, Dean was 36 years old and had been either in prison, on parole, or subject to an active arrest warrant for sixteen of the last twenty-one years. In determining defendant's criminal history category for sentencing purposes the following convictions were considered:

8–17–69 (age 17): unauthorized use of motor vehicle; pled guilty; 5 years suspended, revoked;

10–2–70 (age 18): first degree rape (abducted a woman from a park, threatened to stab her with a brandished knife if she did not comply, raped the victim, stole the victim's car); pled guilty; 15 years imprisonment to run concurrently with imprisonment for assault with intent to kill;

2–1–75 (age 22): possession of a firearm after felony conviction (offense occurred while Dean was an escapee from state prison); pled guilty; 18 months imprisonment to run concurrently with former convictions;

4–4–81 (age 28): robbery with firearm and burglary (Dean attacked and subdued the victim during the course of a burglary and threatened the victim with a large caliber handgun); pled guilty to both counts; 23 years imprisonment; paroled December 9, 1983;

9–28–88 (age 36): burglary of private residence; pled guilty; 20 years imprisonment.

Dean was given three criminal history points for each of those convictions. Dean received an additional two criminal history points because there was an active warrant for his arrest at the time of the instant offense. Therefore, Dean had a total of seventeen criminal history points, resulting in a criminal history category of VI.

No criminal history points were added under the guidelines for Dean's convictions of assault with intent to kill (12–22–69) or robbery with a dangerous weapon (10–02–70). Those convictions were considered to be "related cases"[1] to Dean's conviction for first-degree rape because Dean was

---

1. Cases are considered related if they were consolidated for trial or sentencing. *See* U.S.S.G. § 4A1.2, comment 1.

sentenced on all three charges at the same time. Accordingly, these "related cases" convictions were not included in determining Dean's criminal history. *See* U.S.S.G. § 4A1.2(a)(2) ("Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history.").

Dean's base offense level was nine. One offense point was added because the guns in question were stolen and two points were subtracted for acceptance of responsibility. Therefore, Dean's total offense level was eight. The applicable guideline range for a defendant with a criminal history category of VI and offense level of eight was 18–24 months. The Presentence Report indicated that the guideline manual contained several provisions justifying an upward departure for Dean, including, but not limited to (1) the fact that the firearms described in the indictment were the products of two residential burglaries, and (2) Dean's extensive criminal conviction history. Dean had no objections to the Presentence Report.

### Appellate Contentions

On appeal, Dean contends that the court erred in imposing a sentence above the sentencing guideline range of 18–24 months. Dean argues that the court erroneously concluded that his criminal history included aggravating circumstances not adequately considered by the Sentencing Commission. He points out that he received 17 points for his prior criminal record and that the 17 points resulted in a criminal history category of VI, which is the highest possible criminal category. Dean contends that the seriousness of his criminal history was adequately represented by his criminal history category of VI, and that it is reasonable to assume that the Sentencing Commission contemplated that a defendant's criminal history would include convictions for violent crimes and possession of a stolen firearm.

Dean cites to *United States v. Uca*, 867 F.2d 783, 787 (3rd Cir.1989) for the proposition that the guidelines limit court discretion and that the guidelines, commentaries, and policy statements, clearly indicate that departure should be rare. In *Uca*, the defendant pled guilty to conspiracy to commit federal firearms offenses. The district court departed upward in sentencing Uca after determining that the sentencing guidelines did not adequately address the number of guns involved, the untraceability of the guns, and the potential for their use in unlawful activity. In reversing, the court held that upward departure was inappropriate because the circumstances relied upon by the district court, i.e., the number of guns, the untraceability of the guns, and their potential for use in unlawful activity, had been specifically considered by the Sentencing Commission in U.S.S.G. § 2K2.3 (*e.g.*, under § 2K2.3(b)(1), the sentencing judge is required to increase the offense levels proportionately to the number of guns involved in the violation).[2]

The government responds that *Uca* is distinguishable. The government contends that the upward departure in *Uca* was reversed because the factors upon which the district court based its upward departure had already been adequately considered by the Sentencing Commission as specific offense characteristics. The government argues that in the case at bar, unlike *Uca*, the factors relied upon by the court in support of its upward departure, i.e., the extent of Dean's criminal record, the violent nature thereof, and the fact that once again Dean was in possession of a weapon, were not adequately considered by the Sentencing Commission as specific offense characteristics.

The government cites to *United States v. DeLuna-Trujillo*, 868 F.2d 122, 124 (5th Cir.1989) for the proposition that "[t]he sentencing table, therefore, takes little account of either the nature and magnitude of the past offense, or its relationship to the current crime." The government re-

---

**2.** *Uca* was decided February 9, 1989 and applied the guidelines as they existed prior to the November 1989 amendments. *See* United States

Sentencing Commission, *Guidelines Manual,* Appendix C at C. 105–06.

fers to U.S.S.G. § 4A1.3, p.s.,[3] under which a district court may depart from the guidelines when the criminal history category significantly under-represents the seriousness of the defendant's criminal history. The government argues that the violent nature of Dean's criminal acts, and the period of time during which he committed them, demonstrate that his criminal history, even at criminal history category VI, significantly under-represents the seriousness of his criminal history and the likelihood that he would commit future crimes.

### Discussion

An upward departure from the sentencing guidelines is permissible when "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b). In determining "whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4.

In *United States v. White*, 893 F.2d 276 (10th Cir.1990), the court set forth a three-step review of upward departures.

In the first step, we determine whether the circumstances cited by the district court justify a departure from the Guidelines. The sentencing court may depart from the Guidelines only if it 'finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree,

not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' 18 U.S.C. § 3553(b).... Our standard of review in the first step is plenary.

. . . .

In step two, we ascertain whether the circumstances cited by the district court to justify departure actually exist in the instant case. We search only for a sufficient factual basis to justify departure.

. . . .

The third and final step in our inquiry is a review of the district court's degree of departure from the Guidelines. To determine the applicable standard of review, we look to section 3742(e)(3), which mandates that we vacate a sentence outside the Guidelines if it is unreasonable.

*Id.* at 277–78. Because the upward departure fails to satisfy the first and third prongs of *White* we reverse the sentence and remand for resentencing.

1. Whether the district court identified circumstances warranting departure.

In order to comply with *White*, "the trial court must make adequate findings as mandated by Fed.R.Crim.P. 32(c) and 18 U.S.C. § 3553(c)".[4] *United States v. Emrick*, 895 F.2d 1297, 1297 (10th Cir.1990). In *Emrick*, we held that the statement by the district court that " '[h]owever, the conviction does not adequately represent the criminal conduct, and upward departure is warranted in this matter' " was not an adequate finding in support of an upward de-

---

**3.** U.S.S.G. § 4A1.3, p.s. provides in part:
If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
. . . .
A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.... The court may, after a review of all the relevant information, conclude that the

defendant's criminal history was significantly more serious than that of most defendants in the same criminal category, and therefore consider an upward departure from the guidelines.

**4.** 18 U.S.C. § 3553(c) provides in part:
The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—
. . . .
(2) is not of the kind, or is outside the range [of the guidelines] the specific reason for the imposition of a sentence different from that described.

parture. *Id.* at 1298 (quoting from the record on appeal). Similarly, in *United States v. Smith,* 888 F.2d 720 (10th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990), we held that the statement that " '[t]he Court in arriving at an appropriate sentence takes judicial notice of the force and violence used by the defendant in committing the offense, which justifies an upward departure from the guidelines' " did not constitute an adequate finding in support of an upward departure. *Id.* at 722–24 (quoting from the record on appeal).

Here the district court explained the reasons for departure in greater detail than that which was found to be inadequate in *Emrick* and *Smith.* However, the problem is that apparently two reasons were used and one of the reasons appears not to be justified. The district court explained its upward departure from the guidelines as follows:

> I don't need to go over the fact that you have a horrendous record. And the thing that concerns me the most is the fact that much of this record involves a record of violence.

> Assault with intent to kill, first degree rape, robbery with a dangerous weapon, possession of a firearm, robbery with a firearm. And then, now, you're found again in possession of a weapon.

> *I just don't think that the guidelines adequately consider the facts of your record of violence* and use of weapons and *the fact that in spite of that, once again, you had a weapon, a stolen weapon.*

> So, I think this is grounds for departure. And I will depart on that basis, that *the sentencing history just doesn't adequately reflect the seriousness of what you were presently involved with.* And that is, possession of a weapon.

(R., Vol. I., Transcript, p. 6.) (emphasis added). Therefore, the two articulated grounds for departure were the defendant's record of violence, and the fact that defendant was being sentenced for the possession of a stolen firearm.

## A. *Record of violence as grounds for departure.*

An upward departure is appropriate under U.S.S.G. § 4A1.3, p.s., "when the criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." *Id.; see also United States v. Harvey,* 897 F.2d 1300, 1306 (5th Cir.1990). Additionally, the application notes to U.S.S.G. § 4A1.2 specifically authorize departures when the sentencing history does not adequately represent the seriousness of the defendant's criminal history because it does not count "related" cases. Comment 3 to § 4A1.2 provides:

> The court should be aware that there may be instances in which this definition [related cases] is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public.... In such circumstances, the court should consider whether departure is warranted. *See* § 4A1.3.

U.S.S.G. § 4A1.2, comment 3.

The record here demonstrates that Dean had a violent criminal past and it may even be that his criminal history category does not adequately reflect the seriousness of the violence involved. In particular, Dean's criminal history category did not reflect his "related" felony convictions of assault with intent to kill (stabbed the victim in the abdomen requiring hospitalization and surgery) and robbery with a dangerous weapon (stabbed the victim requiring hospitalization). Additionally, several of his convictions which were counted involved extreme violence or the threat of extreme violence.

The district court noted the "related" convictions and the violent nature of the defendant's criminal history. However, the district court did not rely solely on Dean's violent criminal history but it also recited the nature of the present offense as grounds for departure.

B. *Improper double counting of the current offense of unlawful possession of a weapon.*

■ The nature of the sentencing offense was not a proper ground for departure. Defendant's sentencing offense was unlawful possession of a weapon in violation of 18 U.S.C. § 922(g)(1). Pursuant to U.S.S.G. § 2K2.1, which deals with "Receipt, Possession, or Transportation of Firearms and Other Weapons by Prohibited Persons," the base level of the offense was nine.[5] Defendant was a prohibited person because of his previous felony convictions, and therefore his base offense level under the guidelines took into consideration the fact that defendant was a convicted felon with a criminal history. Moreover, pursuant to § 2K2.1(b)(1), defendant's offense level was increased by one because the firearm was stolen. Therefore, the fact that the firearm was stolen was also considered by the sentencing guidelines in establishing the offense level.

■ The sentencing guidelines do permit a sentencing judge to depart for reasons already considered in the guidelines (i.e., adjustment for specific offense characteristics), "if the court determines that, in light of *unusual circumstances,* the guideline level attached to that factor is inadequate." U.S.S.G. § 5K2.0 (emphasis added). However, the district court failed to state any unusual circumstances surrounding the facts of the sentencing offense which would have permitted the court to use the nature of the sentencing offense as grounds for departure. Therefore, because the guidelines adequately took into account that defendant was a convicted felon in possession of a stolen firearm, departure based on this ground was improper. *See, e.g., United States v. Colon,* 905 F.2d 580, 584 (2d Cir.1990) (available on Westlaw, 1990 WL 67402) ("Because such quantities must be reflected in the base offense level, they may not serve as the basis for a discretionary upward departure."); *United*

States v. Brewer, 899 F.2d 503, 509 (6th Cir.1990).

■ Although we cannot be sure what role the current offense played in persuading the district court to deviate from the sentencing guidelines, we have to assume it played some role because he recited the facts of the current offense as one justification for the deviation. Any improper ground for deviation relied upon by the district court requires a remand for reconsideration of the sentence because the appellate court cannot determine whether departure would have occurred absent the improper ground for deviation. *See, e.g., United States v. Zamarripa,* 905 F.2d 337, 342 (10th Cir.1990) (available on Westlaw, 1990 WL 75715); *United States v. Michael,* 894 F.2d 1457, 1460 (5th Cir.1990).

2. Failure to explain the reasons for the magnitude of the deviation.

■ Even assuming that the grounds articulated by the district court justified an upward departure, the district court failed to explain what criteria it considered in selecting the degree of departure. The defendant's challenge to the appropriateness of the departure implicitly raises questions as to the reasonableness of the extent of departure. The court in *United States v. White,* 893 F.2d 276, 278 (10th Cir.1990), explained that when reviewing a sentencing court's upward departure we should determine whether the degree of departure was reasonable.

For us to be able to review a departure sentence for reasonableness, we must have an explanation of why the district court chose the particular magnitude of departure. *See United States v. Ferra,* 900 F.2d 1057 (7th Cir.1990). The district court must supply the reasoning underlying the departure sentence because we will not speculate as to how a particular sentence was chosen. *Cf. United States v. Beaulieu,* 900 F.2d 1531, 1535 (10th Cir.1990) ("If the trial court does not explicitly set forth the considerations that motivate its

---

5. The defendant was sentenced July 5, 1989, under the guidelines as they existed prior to the amendments which became effective November 1, 1989. *See* United States Sentencing Commission, *Guidelines Manual,* Appendix C at C. 102–03.

decision to *depart* from the Guidelines, we will not speculate as to what those considerations may have been.") (emphasis in original), *cert. denied,* —— U.S. ——, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990). In *United States v. Gardner,* 905 F.2d 1432 (10th Cir.1990) (available on Westlaw, 1990 WL 80721), we explained that:

> We cannot evaluate the reasonableness of a particular departure from the guidelines without an adequate factual record, nor can we speculate as to reasoning that might have been employed by the sentencing court to arrive at a particular sentence. The initial task of deciding when and by how much to deviate from the guidelines falls upon the trial court, and the trial court must articulate *its* analysis supporting the degree of departure selected. Without such an articulation of the trial court's reasoning, we simply are not able effectively to supervise the sentencing process, nor to enforce the principles of uniformity and proportionality implicit in the concept of reasonableness.

*Gardner,* 905 F.2d at 1436 (citations omitted) (emphasis in original).

Although the district court explained the reasons for its threshold decision to depart, it gave no scintilla of reasoning as to how it determined the *extent* of the deviation. Therefore, an additional ground requiring remand to the district court for resentencing is the district court's failure to explain the reasons for the magnitude of the deviation.

3.  The degree of departure appears to be unreasonable.

■ The district court has considerable discretion in determining the degree of departure but such discretion is not unfettered, rather it is limited by the bounds of reasonableness. *See* 18 U.S.C. § 3742(e) & (f).[6] "Reasonableness requires that the

sentence regard the guideline factors set forth in § 3553, which include factors of uniformity and proportionality." *Gardner,* 905 F.2d at 1436. Proportionality is an important policy underlying the sentencing guidelines and it mandates a sentencing "system that imposes appropriately different sentences for criminal conduct of different severity." *See* United States Sentencing Commission, *Guidelines Manual,* Ch. 1, Part A, Intro. 3. No particular formula or mathematical exactitude is required, but the degree of the departure must generally be compatible with the guideline principle of proportionality.

■ It is not apparent from the facts presented why the doubling of defendant's sentence was reasonable. We are hampered in our analysis of the reasonableness of the departure because the reasons advanced must be those of the district court, not our own post hoc reasons. But, from the sparse record before us, no objective rationale appears evident to explain the degree of departure here. No extension of the criminal history categories, no analogy to other guideline provisions, no reference to guideline principles, nor any other rationale that we can glean from the record seems to provide support for a doubling of this defendant's sentence. Without more to explain the high degree of the departure here, we can only conclude that the degree of the departure appears "unreasonable."

### Conclusion

We must set aside the departure sentence because the district court's articulated reasons for departure improperly included the nature of the sentencing offense which was adequately accounted for by the guidelines in determining the offense level. Moreover, the district court failed to offer any explanation for the magnitude of the departure, and without any such explanation, the magnitude of the departure seems

---

**6.** 18 U.S.C. § 3742(e) provides in part:
Upon review of the record, the court of appeals shall determine whether the sentence—
. . . .
(3) is outside the applicable guideline range, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title [such factors include, 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.' 18 U.S.C. § 3553(a)(6).].

unreasonably large. Therefore, we RE-VERSE the district court's departure sentence and REMAND for resentencing.

BARRETT, Senior Circuit Judge, dissenting:

I respectfully dissent.

The majority opinion improperly discredits the district court's understanding, interpretation, and application of the Sentencing Guidelines. I would affirm the district court's upward departure in its entirety.

An upward departure is appropriate under U.S.S.G. § 4A1.3, p.s. "when the criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." In *United States v. Keys*, 899 F.2d 983 (10th Cir.1990), we held that a prison disciplinary record may, in appropriate situations, be a proper basis for an upward departure under § 4A1.3. *See also United States v. Harvey*, 897 F.2d 1300, 1306 (5th Cir.1990) ("Moreover, this court has repeatedly held that an upward departure ... because a criminal history category does not adequately reflect a defendant's past criminal history is not improper.... Indeed, the guidelines themselves contemplate that a departure may be warranted for precisely that reason. See U.S.S.G. § 4A1.3.").

Departure is also permissible when "[t]he court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b). "Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. *The controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing.*" U.S.S.G. § 5K2.0, p.s. (emphasis supplied).

Although the guidelines were enacted to eliminate the uncertainties and disparities in the former sentencing system in which judges had great discretion, Congress still envisioned that the guidelines would leave considerable discretion in the hands of the sentencing judge. *United States v. White*, 893 F.2d 276, 278 (10th Cir.1990). Furthermore, "[w]hen a defendant is already in the highest Criminal History Category of VI ..., there is no Guideline procedure a judge can reference to help determine a proper degree of departure ..., [and] the question of degree of departure is solely one of reasonableness." *United States v. Schmude*, 901 F.2d 555, 560 (7th Cir.1990). A decision based on reasonableness is afforded a deferential standard of review recognizing that sentencing judges should be given considerable leeway in determining the degree of departure. *Id.* at 560. Furthermore, "at this early stage in the development of the Guidelines, we should not lightly overturn determinations of the appropriate degree of departure." *United States v. White, supra,* at p. 279.

The majority reverses the district court's upward departure, holding that the district court erred in (a) double counting the current offense of unlawful possession of a weapon as a basis for its upward departure, and (b) failing to explain the reasons for the magnitude of the deviation from the guidelines. The majority finally holds that the district court's upward departure from 18–24 months to 48 months was unreasonable.

In sentencing Dean the court observed, *inter alia:*

I don't need to go over the fact that you have a horrendous record. And the thing that concerns me the most is the fact that much of this record involves a record of violence.

Assault with intent to kill, first degree rape, robbery with a dangerous weapon, possession of a firearm, robbery with a firearm. And then, now, you're found again in possession of a weapon.

I just don't think that the guidelines adequately consider the facts of your record of violence and use of weapons and the fact that in spite of that, once again, you had a weapon, a stolen weapon.

So, I think this is grounds for departure. And I will depart on that basis,

that the sentencing history just doesn't adequately reflect the serious of what you are presently involved with. And that is possession of a weapon.

(R., Vol. I, Transcript, p. 6.)

Based on this language, the majority holds that the district court engaged in double counting of the current offense of unlawful possession of a weapon as a basis for departing upward. I strongly disagree. The district court's observations relative to Dean's possession of a weapon, were exactly that—merely observations—part of the district court's narrative detailing Dean's horrendous record of violence. The Presentence Report reflected an adjustment in Dean's offense level based on his possession of a stolen weapon. That calculation was before the district court at the time of sentencing. It is uncalled for to assume, as the majority does, that the district court double counted Dean's offense of possession of a weapon.

Unlike the majority, I interpret the district court's observations as an expression of concern that inasmuch as the guidelines failed to take into consideration Dean's record of violence, specifically the related cases of assault with intent to kill and robbery with a dangerous weapon (both of which involved stabbings of the victims resulting in hospitalization) that an upward departure was appropriate. Furthermore, although 18 U.S.C. § 3553(c) requires that the court set forth "the specific reasons for the imposition of a sentence different from that prescribed [in the guidelines]" there is no "magic language" mandated under § 3553(c). A district court complies with § 3553(c) by simply giving "the specific reasons" for its departure. I believe that the district court fully complied by pinpointing to Dean's record of violence in departing upward from the guidelines. The key word in the district court's narrative is the word "violence."

The majority's holding that the district court engaged in double counting, based on the determination that "we have to assume it [current offense] played some role" in the departure because the district court mentioned it, is a serious misinterpretation of the district court's sentencing language.

There is no reason to assume that the current offense played any role in the district court's determination to depart upward.

I also disagree with the majority's holdings that the district court failed to explain the magnitude of the upward departure and that the degree of departure was unreasonable.

Under the guidelines, Dean was to be sentenced to 18–24 months. After observing that the guidelines did not adequately consider the facts of Dean's horrendous record of violence, the district court sentenced Dean to 48 months. I believe that the district court adequately explained the reasons for departure, i.e., Dean's record of and propensity for *violence* which had not been adequately considered by the guidelines. Furthermore, "when a defendant is already in the highest Criminal Category of VI ..., there is no Guideline procedure a judge can reference to help determine a proper degree of departure ..., [and] the question of degree of departure is solely one of reasonableness." *United States v. Schmude*, 901 F.2d 555, 560 (7th Cir.1990).

I would hold that the departure was not unreasonable based on Dean's history of violence and the fact that the two particularly violent crimes had not been considered under the guidelines.