UNITED STATES of America,
Plaintiff–Appellee,

v.

Olious Lee FORTENBURY,
Defendant–Appellant.

No. 89–2291.

United States Court of Appeals,
Tenth Circuit.

Oct. 26, 1990.

George A. Harrison, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and David N. Williams, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and LOGAN and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Olious Lee Fortenbury appeals the sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Pursuant to the Sentencing Guidelines, defendant's offense level was calculated to be 7, and he was placed in criminal history category I. The district court determined, based on the presentencing report, that level 7, category I did not reflect the seriousness of defendant's offense and criminal history. It departed to level 11,[1] category III, and sentenced defendant to 18 months in prison. Defendant contests the district court's upward departure. He also argues that he was not allowed sufficient time to prepare for sentencing, not notified of the bases for upward departure, and denied an evidentiary hearing on facts used in sentencing.[2] We reverse and remand for resentencing.

I

The validity of the district court's departure from the Sentencing Guidelines' range is the dispositive issue in this case. In reviewing upward departures, we apply the three-step analysis set forth in *United States v. White*, 893 F.2d 276, 277–79 (10th Cir.1990); *see also United States v. Dean*, 908 F.2d 1491, 1494 (10th Cir.1990).

**A. Criminal History Departure**

Applying *White*, first, the district court must identify circumstances warranting departure. 893 F.2d at 278. The district court noted that defendant previously had been treated leniently in receiving probation sentences for drug trafficking and use and that such treatment had failed to deter subsequent criminal conduct. II R. 15. The court determined that defendant's criminal history category I did not adequately reflect the seriousness of his criminal history and departed to category III. *Id.* Past lenient treatment resulting in a criminal history category that does not adequately reflect the seriousness of the defendant's history of criminal conduct is a valid circumstance warranting departure. *See* U.S.S.G. § 4A1.3 & comment. at 4.10; *see also United States v. Harris*, 907 F.2d 121, 123 (10th Cir.1990).

Second, we review the district court's findings of past lenient treatment under a clearly erroneous standard. *See White*, 893 F.2d at 280. They are not clearly erroneous.

Third, the district court must give reasons for the degree of its departure, and the degree of departure must be reasonable. *Dean*, 908 F.2d at 1496–97; *White*, 893 F.2d at 278. Here, the district court referred to defendant's past drug crimes for which he received probation sentences. It stated that his probation sentences had not proved sufficient to deter defendant from further criminal conduct. II R. 15.

---

1. The court considered level 13 to be appropriate, reduced two levels for defendant's acceptance of responsibility, hence to level 11.

2. After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R. App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

It stated that, based on the past crimes, defendant was more appropriately placed in criminal history category III than in category I.

■ Although the court could have been more explicit, the explanation for the degree of departure is adequate. The presentence report lists four felony convictions outside the ten year period utilized in calculating criminal history, in all of which defendant received probation or suspension of sentence. The last of these had a probationary period extending to June 1982 (after modification of a much longer prison sentence previously given). Defendant had one misdemeanor conviction in 1987. In essence, the district court departed by giving some weight to those four prior crimes, finding that defendant's criminal history was at least as serious as a defendant with two prior convictions within ten years of the instant offense. The departure is reasonable in light of defendant's repeated criminal conduct not reflected in the original criminal history category I.

### B. Offense Level Departure

The district court also departed from offense level 7 to offense level 11 on the basis of the defendant's illegal possession of firearms on three occasions after the instant offense, one of which involved an obliterated serial number. II R. 16–17.

■ Subsequent criminal conduct that occurs before sentencing is a permissible basis for departing upwards by criminal history category. *United States v. Scott*, 914 F.2d 959 (7th Cir.1990); *United States v. Franklin*, 902 F.2d 501, 506 (7th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990). However, a court may depart by offense level only on the basis of a factor that is "substantially in excess of that which ordinarily is involved in the *offense of conviction.*" U.S.S.G. § 5K2.0 (emphasis added). The bases for departure listed in U.S.S.G. §§ 5K2.1–5K2.-15 all involve some aspect of the *instant* offense, not subsequent crimes. Courts have often justified upward departures by offense level when the district court made reference to an unusual aspect of the particular offense on which the defendant was convicted. *See, e.g., United States v. Baker*, 914 F.2d 208 (10th Cir.1990) (upward departure of three offense levels justified by aggravating factors of: 1) use of dynamite in robbery, and 2) abduction of storeowner at gunpoint); *United States v. Schular*, 907 F.2d 294, 298 (2d Cir.1990) (defendant's knowledge that firearms would be used for criminal activity warranted upward departure by offense level in conviction for conspiracy to deal in firearms); *United States v. Chiarelli*, 898 F.2d 373, 380–82 (3d Cir.1990) (upward departure by offense level permitted for risk of harm created by high speed chase during flight from crime scene).

Subsequent commissions of the same crime reflect the defendant's continuing propensity to be a criminal and his recidivist tendencies, as the district court's sentence recognized. I R. tab 7 at 2; II R. 16. These are elements of a criminal history category, not an offense level. We have held that factors considered in the criminal history categories are distinct from those considered in offense levels and that courts cannot depart by offense level when the criminal history category proves inadequate. *United States v. Russell*, 905 F.2d 1450, 1456 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 267, 112 L.Ed.2d 224 (1990); *United States v. Bernhardt*, 905 F.2d 343, 345–46 (10th Cir.1990). *See also Scott*, 914 F.2d at 965.

■ The district court's finding that defendant three times had illegally possessed a firearm after the instant offense, one occasion involving an obliterated serial number, is not clearly erroneous. *See White*, 893 F.2d at 280. Using these subsequent crimes the district court might have found a criminal history above category III to be appropriate. It might have found that the three new firearm possessions made category III "significantly under-represent[ ] the seriousness of the defendant's criminal history." U.S.S.G. § 4A1.3. Alternatively, it might have found that defendant's repeated illegal possession of guns shows that category III did not reflect "the likelihood that the defendant will commit

further crimes." *Id.* However, the district court impermissibly departed by offense level.

We are bound by 18 U.S.C. § 3742(f)(1), which states that the court of appeals "*shall* remand the case for further sentencing proceedings" when it determines that the sentence "was imposed as a result of an incorrect application of the sentencing guidelines." (emphasis added). *See also Dean,* 908 F.2d at 1496–98.

## II

■ Defendant's other arguments lack factual basis. Defendant asserts that he and his counsel did not have adequate time to prepare for the sentencing hearing. However, the government has shown that the presentencing report was made available to defendant's counsel twenty days before the sentencing hearing and was obtained by defendant's counsel seventeen days before the hearing. *See* Brief of Appellee Addendum. This meets the requirements of 18 U.S.C. § 3552(d) and Fed.R. Crim.P. 32(c)(3). We note defense counsel filed a written Statement of Sentencing Factors on November 6, 1989, indicating that he had read the presentence report. At the sentencing hearing, defendant did not request more time for preparation.

■ Defendant also had sufficient notice of the possibility for upward departure, as well as the grounds for the departure. The presentencing report listed "factors that may warrant departure" and contained both reasons for upward departure and essentially a recommendation of departure for the court's consideration. Presentence Report, 13–14. Defendant's counsel could and did respond to the factual allegations that served as the basis for departure. II R. 4–14.

■ Defendant complains that he was denied an evidentiary hearing on disputed matters in the presentencing report. However, defendant's counsel never requested an evidentiary hearing. Instead, he proffered evidence of defendant's denial or explanation of several presentence report allegations. II R. 4–10. The record shows

that the district court considered the proffered testimony and, when relevant to the sentence, found the presentence report to be more reliable. II R. 5–10, 14–16. Defendant had sufficient opportunity to comment on and object to disputed factors in the presentencing report before the imposition of the sentence. U.S.S.G. § 6A1.3. Furthermore, to the extent that defendant suffered from any constraints in his preparation or ability to contest the presentencing report, he now has an opportunity to make his case at the new sentencing hearing this remand requires.

REVERSED and REMANDED for further proceedings consistent herewith.

The mandate shall issue forthwith.