940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Lee DEAN, Defendant-Appellant.
 No. 90-6342.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Bobby Lee Dean appeals the sentence imposed by the district court after our vacation of his previous sentence and remand for resentencing. See United States v. Dean, 908 F.2d 1491 (10th Cir.1990).
 
 
 3
 Dean pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922(g)(1). When he was initially sentenced the district court determined that Dean's base offense level was eight, and that his criminal history points placed him in criminal history category VI--indicating an appropriate guideline range of eighteen to twenty-four months. The district court departed upwards from the guidelines and sentenced Dean to a prison term of four years to run consecutive to a sentence he was then serving. On appeal, we set aside this sentence because the district court's articulated reasons for departure improperly included the nature of the sentencing offense, which was adequately accounted for by the guidelines in determining the offense level, and because the court failed to properly explain the magnitude of the departure, without which the magnitude of the departure seemed unreasonably large. Dean, 908 F.2d at 1497-98.
 
 
 4
 Before the resentencing hearing on remand, Dean's counsel provided the district court with an April 23, 1982, consent decree order issued by an Oklahoma state district court. This order concerned three prior Oklahoma convictions in 1969 and 1970 that had been listed in Dean's presentence report: assault with intent to kill (case No. CFR-70-2933), first degree rape (case No. CFR-70-2935), and robbery with a dangerous weapon (case No. CFR-70-2909). Dean's presentence report had listed each of these convictions as resulting in concurrent terms of incarceration of fifteen years each.
 
 
 5
 Under the consent decree order, these sentences of incarceration were converted, "nunc pro tunc, to be and to have been from their inception, sentences of fifteen years, concurrent, suspended...." Consent Decree for Order Granting Post-Conviction Relief, No. CRF-69-1998 et al. (April 23, 1982). Dean had argued in a 1981 state post-conviction relief proceeding that each of his convictions in case Nos. CFR-70-2933, CFR-70-2935, and CFR-70-2909 were invalid because he was under the age of eighteen at the time of the charged offenses. He had been tried as an adult pursuant to Okla.Stat. tit. 10, Sec. 1101(a) (Supp.1969) (repealed 1972), a statute that was held to be unconstitutional in Lamb v. Brown, 456 F.2d 18 (10th Cir.1972). The decision to modify Dean's terms of incarceration to suspended sentences was the product of a negotiated settlement between Dean and the state of Oklahoma.
 
 
 6
 The district court, at the resentencing hearing, amended Dean's presentence report to conform to the consent decree order. Before the amendment, the presentence report had assigned three criminal history points to the conviction for first degree rape in case No. CFR-70-2935 but no points for the convictions in case Nos. CFR-70-2933 and CFR-70-2909. After the amendment, the points assigned for the first degree rape conviction were stricken, and Dean's criminal history score was reduced from seventeen to fourteen points. Dean's criminal history category remained VI.
 
 
 7
 In resentencing Dean, the district court again arrived at a guideline range of eighteen to twenty-four months and departed upward, sentencing Dean to a prison term of thirty-seven months. The court concluded that Dean's criminal history category VI did not adequately reflect the seriousness of his criminal history, specifically premising the departure on the three uncounted convictions which were modified, nunc pro tunc, to suspended sentences.[1]
 
 
 8
 In justifying the departure sentence, the district court assigned each of the three uncounted convictions three criminal history points, thus increasing Dean's criminal history score from fourteen to twenty-three. The district court then observed that each of the criminal history categories, I through VI, "basically" contain three criminal history points. By the court's reasoning, Dean's criminal history score of twenty-three fell within a "hypothetical" criminal history category IX.[2] The district court arrived at a thirty-seven month sentence by first determining that Dean's offense level of eight and criminal history category VI was equivalent to an offense level of fifteen and criminal history category I, because both provided for a sentencing range of eighteen to twenty-four months. The district court then concluded that an offense level eight and a hypothetical criminal history category IX was equivalent to an offense level fifteen and criminal history category IV, which provides for a guideline range of thirty to thirty-seven months. Therefore, it concluded a sentence of thirty-seven months was appropriate.
 
 
 9
 In the instant appeal, Dean argues that the decision to increase his criminal history score by nine points was unreasonable. According to Dean, the district court could have permissibly arrived at a departure sentence by assigning each of the three uncounted convictions one criminal history point, which is what the convictions would have received as suspended sentences had they been eligible for use in tabulating Dean's criminal history score. See U.S.S.G. Sec. 4A1.1(c). Dean also argues that the district court's decision to assign three criminal history points to each of the uncounted convictions was, in essence, an impermissible after-the-fact determination by the district court that Dean should have received terms of incarceration for the convictions. Dean further argues that the district court's imposition of a sentence beyond the range appropriate to category VI was improper in light of language in the guidelines which discourages such departures except in extraordinary circumstances. See U.S.S.G. Sec. 4A1.3 (departures beyond category VI are reserved for the "case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history.").
 
 
 10
 We review the district court's upward departure under the three-step framework set forth in United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990). In this case, steps one and two are not at issue. We only have to determine whether the degree of departure is unreasonable. Id. at 278. In determining the reasonableness of the degree of departure from category VI, we afford the district court due deference, and we do not "lightly overturn determinations of the appropriate degree of departure." United States v. Russell, 905 F.2d 1450, 1455 (10th Cir.), cert. denied, 111 S.Ct. 267 (1990). When valid grounds for departure are present, we will uphold the district court's resolution of the matter so long as the circumstances warranting departure and the departure's extent and direction are reasonable. Id. at 1455-57.
 
 
 11
 In the instant case, the district court noted that the three uncounted convictions were for serious offenses which fell into a pattern of criminal conduct.[3] A history of recidivism that is not adequately reflected in the criminal history category is a valid circumstance warranting departure. United States v. Harris, 907 F.2d 121, 123 (10th Cir.1990); see also United States v. Aymelek, 926 F.2d 64, 72-73 (1st Cir.1991) (prior convictions not considered in calculating a criminal history score may justify departure if those convictions are distinguished by their numerosity and dangerousness). Even though Dean is in the highest criminal history category of VI, the guidelines expressly allow for the possibility of a sentence above that category if it does not adequately reflect Dean's criminal history. Furthermore, the guidelines permit looking beyond the nominal sentence to the criminal conduct underlying a conviction when, as here, due to a constitutional infirmity the sentence originally imposed has been altered such that it is no longer a function or reflection of the underlying criminal activity. See U.S.S.G. Sec. 4A1.2, comment n. 6 ("Sentences resulting from convictions that have been reversed or vacated because of errors of law ... are not to be counted.... Nonetheless, any conviction that is not counted in the criminal history score may be considered pursuant to Sec. 4A1.3 (Adequacy of Criminal History Category).").
 
 
 12
 Thus, we hold it was not per se improper for the district court to refuse to mechanically assign each of the uncounted convictions only one criminal history point because the sentences imposed for those convictions were suspended years later. Nor do we find the decision to give three points for each of the convictions to be unreasonable. The criminal history points given by the district court for the uncounted convictions are points which would have been given under the guidelines in light of the severity of the underlying criminal conduct as reflected in the fifteen years sentences originally imposed for each of the offenses. See U.S.S.G. Sec. 4A1.1(a). The approach taken by the district court linked the extent of the departure to the structure of the guidelines and was, therefore, reasonable. See United States v. Jackson, 921 F.2d 985, 993 (10th Cir.1990) (en banc); see also Aymelek, 926 F.2d at 73 (departure sentence reasonable when district court "moved across the grid, from category V to category VI ... on the theory that, if the outdated conviction had been counted, appellant's criminal history score would have placed him well within the latter classification").
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court also mentioned an uncounted conviction for concealing stolen property (case No. CFR-81-1709) as an additional basis for departure. This sentence, however, was not used by the district court in calculating the degree of departure from the guideline sentence
 
 
 [2]
 The criminal history axis of the guidelines is open-ended, but any defendant with thirteen or more criminal history points is placed in category VI. Thus, Dean's twenty-three criminal history points could only fall within a "hypothetical" criminal history category IX
 
 
 [3]
 Indeed, at the time of Dean's original sentencing, he was thirty-six years old and had been either in prison, on parole, or subject to an active arrest warrant for sixteen of the past twenty-one years