FILED
United States Court of Appeals
Tenth Circuit

April 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH EDWARD MCCONNEL,

Defendant - Appellant.

No. 10-6109
(D.C. Nos. 5:07-CV-00980-M and
5:02-CR-00009-M-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

We granted Mr. McConnel a certificate of appealability ("COA") allowing

him to appeal one issue from the district court's denial of his 28 U.S.C. § 2255

motion: whether he received ineffective assistance of appellate counsel based

upon the failure to appeal the sentencing court's inadequate notice of an upward

departure. We then dismissed the remainder of Mr. McConnel's appeal and

ordered briefing on this one issue.

The government filed a merits brief and Mr. McConnel has replied. The

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

government urges a remand so the district court can resolve any issues of deficient performance and prejudice, which may include developing the facts. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Jones v. Gibson, 206 F.3d 946, 959 (2000) (ineffective assistance of appellate counsel).  Mr. McConnel argues that this court should decide the issue on the merits, as well as several others in his favor.  We agree with the government and remand for the district court to reconsider this one issue (and only this issue) as discussed in our order granting a COA, a copy of which is attached.  United States v. McConnel, No. 10-6109, Order Granting and Denying Certificate of Appealability at 5-8 (Aug. 26, 2010).

REMANDED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

FILED
United States Court of Appeals
Tenth Circuit

August 26, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH EDWARD MCCONNEL,

    Defendant - Appellant.

No. 10-6109
(D.C. Nos. 5:07-CV-00980-M &
5:02-CR-00009-M-1)
(W.D. Okla.)

---

**ORDER GRANTING AND
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

Defendant-Appellant Joseph Edward McConnel, proceeding pro se, seeks a certificate of appealability ("COA") allowing him to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. To obtain a COA, Mr. McConnel must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Mr. McConnel has made the requisite showing with respect to the fifth claim in his COA brief, ineffective assistance of counsel for failure to appeal the sentencing court's inadequate notice of an upward departure. Therefore, we grant his application for a COA on this claim. But because Mr. McConnel has not made a substantial showing of the denial of a

constitutional right on his other claims, we deny his request for a COA and dismiss the appeal as to those claims.

In 2002, a jury convicted Mr. McConnel on four counts of firearms violations: one count of dealing in firearms without a license, two counts of selling firearms to a felon, and one count of possession of semiautomatic assault weapons, in violation of 18 U.S.C. §§ 922(a)(1)(A), (d)(1), (d)(3), & (v)(1). 1 R. 38. Mr. McConnel received a sentence of seventy-one months' imprisonment, which he has already served, and three years of supervised release, which he is currently serving. Id. at 39-40. This court affirmed Mr. McConnel's conviction and sentence on direct appeal, and the Supreme Court denied Mr. McConnel's petition for a writ of certiorari. United States v. McConnel, 464 F.3d 1152, 1164 (10th Cir. 2006), cert. denied, 549 U.S. 1361 (2007).

In his timely federal habeas petition, Mr. McConnel presented eleven claims of ineffective assistance of counsel. 1 R. 52-69. Of those eleven claims, Mr. McConnel has raised seven in his COA application and brief, namely his counsel's failure to: (1) pursue remedies under the Speedy Trial Act; (2) argue that the government presented insufficient evidence for count one, dealing in firearms without a license; (3) appeal the sufficiency of the evidence on count four, possession of assault weapons; (4) raise entrapment on appeal; (5) attack the district court's inadequate sentencing notice on appeal; (6) raise the issue of sentencing entrapment on appeal; and (7) file a competent appellate brief. Pet. Br.

at 1-19. Mr. McConnel has abandoned the other issues not raised in his COA brief. See United States v. Redcorn, 528 F.3d 727, 738 n.4 (10th Cir. 2008).

Where, as here, the district court has rejected the petitioner's constitutional claims on the merits, to obtain a COA "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

The district court's resolutions of the bulk of Mr. McConnel's claims are not reasonably debatable. First, Mr. McConnel has not demonstrated an underlying Speedy Trial Act violation. His argument falls far short of the Strickland v. Washington, 466 U.S. 668, 687 (1984), burden of showing that this counsel was deficient in not filing a motion to dismiss and that a motion to dismiss would have changed the outcome. 1 R. 163-64.

Second, regarding sufficiency of the evidence on count one, Mr. McConnel does not challenge the district court's key point: "There appears to be no question McConnel did not possess the required license to sell firearms and that he indeed did sell firearms." Id. at 165. Instead, according to Mr. McConnel, the trial court's *sentencing* finding that the government had not proven the illegality of 105 out of more than 125 guns presented at trial means that the government should never have been able to present them. Pet. Br. at 3-4. Mr. McConnel's argument does not change the fact that sufficient evidence existed to convict him on this count. Reasonable jurists cannot debate that counsel was not deficient in not

making this argument on appeal.

Mr. McConnel's third and fourth grounds for relief suffer similar problems—his appellate counsel was not constitutionally deficient for "winnowing out weaker arguments on appeal." United States v. Cook, 45 F.3d 388, 394 (10th Cir. 1995) (internal citations and quotation marks omitted). According to Mr. McConnel, his appellate counsel should have contested the sufficiency of the evidence on count four because of Mr. McConnel's ignorance of the nature of the assault weapon in his possession. Pet. Br. at 7-10. Mr. McConnel points to the absence of a federally required stamp on the weapon. Id. Noting the ample evidence of Mr. McConnell's knowledge and that "[t]he Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal," the district court denied relief. 1 R. 165-66 (citing Cook, 45 F.3d at 394-95). On the fourth claim, the district court also found that Mr. McConnel's appellate counsel "exercised his professional judgment" in not appealing the jury's rejection of his entrapment defense. Id. at 166. Reasonable jurists cannot debate the district court's resolution of these claims.

The district court's order does not show that it considered Mr. McConnel's sixth claim for relief, ineffective assistance of appellate counsel for failure to appeal the issue of sentencing entrapment. Pet. Br. at 16-17. Nonetheless, we have the benefit of both parties' briefing below and find that Mr. McConnel has not shown that counsel's omission was constitutionally deficient or that it

prejudiced him.  See Inman v. Kansas, No. 04-3503, 2005 WL 1519109, at *3 n.3 (10th Cir. June 28, 2005) (denying COA on issue not addressed by the district court).  For that reason, no reasonable jurist could question the district court's decision to deny relief on this claim.

Mr. McConnel's seventh claim is that his counsel's appellate brief amounted to ineffective assistance of counsel because of various typographical and citation errors.  Pet. Br. at 17-19.  Reasonable jurists cannot debate the district court's resolution: that Mr. McConnel did not explain how the correction of these errors would have changed the outcome of his case.  1 R. 167.

Only one of Mr. McConnel's arguments deserves this court's more detailed attention: his fifth claim, that his counsel should have appealed the sentencing court's lack of notice of the upward criminal history departure.  Pet. Br. at 14-15. The day before Mr. McConnel's sentencing, December 3, 2003, the government's sentencing memorandum announced for the first time that it was seeking an upward departure on his criminal history, based on a post-conviction firearms sale in July 2002.  3 R. pt. 11, at 166, 186.  Although the presentence report had given notice of some departures, it did not disclose the government's intent to seek this departure based on post-conviction conduct.  2 R. 8, 14.  The ATF agent assigned to Mr. McConnel's case admitted at the sentencing hearing that he did not disclose the information to defense counsel until "two days ago," despite learning of the incident "within the last several months."  3 R. pt. 11, at 93.  At 3:30 p.m. the day

- 5 -

before sentencing, the agent turned over the name of an exculpatory witness regarding the July 2002 sale, without any contact information. Id. at 94.

The government presented witnesses of the firearms sale at the sentencing hearing. Id. at 100-65. Over defense counsel's protests, the sentencing court considered the government's recently disclosed evidence and found that Mr. McConnel's July 2002 firearms sale was unlawful. Id. at 37-38, 68-70, 91-95, 177, 182, 190. According to the court, this "identical offense" to the offense of conviction "certainly reflects [Mr. McConnel's] continuing propensity to be a criminal and highlights recidivous [sic] tendency." Id. at 186. Because of this post-conviction conduct, the court increased Mr. McConnel's criminal history category from I to II, thereby increasing the applicable guidelines range from fifty-one to sixty-three months to fifty-seven to seventy-one months. Id. at 187-88.

Two ambiguities cloud the district court's decision to increase Mr. McConnel's criminal history category. First, it is not clear under which section of the Sentencing Guidelines the district court departed. The court mentioned U.S.S.G. § 4A1.1 (2000), which does not seem to apply, but cited United States v. Fortenbury, 917 F.2d 477, 479 (10th Cir. 1990), which upheld an upward criminal history departure based on post-conviction conduct under § 4A1.3, departure based on under-representation of criminal history. Second, in its district court response to the habeas petition, the government denied that the criminal history increase was a departure, but rather characterized it as "an increase in offense level based

- 6 -

on an increased criminal history level." 1 R. 106. We find this characterization questionable, given the district court's mention of Fortenbury and that both the court and the government labeled the increase a "departure." 3 R. pt. 11, at 171, 186. In any case, Mr. McConnel's petition makes this issue at least debatable, and therefore appropriate for the court to sort out on a full merits review.

Mr. McConnel's habeas petition argued that his appellate counsel's failure to raise the issue of lack of sentencing notice constituted ineffective assistance of appellate counsel. 1 R. 63-64. The district court found this argument without merit "[b]ecause these same sentencing arguments have been raised and decided on direct appeal." Id. at 167. This is factually incorrect. On direct appeal, counsel argued that the sentencing court's fact-finding violated the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005). Brief of Defendant/Appellant, United States v. McConnel, 464 F.3d 1152 (10th Cir. 2006) (No. 03-6345), 2005 WL 1151613, at *24-28. This court correctly recognized the Booker argument and deemed the Booker errors harmless. 464 F.3d at 1162-64.

Reasonable jurists would find it debatable whether Mr. McConnel's fifth claim states the denial of his constitutional right to effective assistance of counsel. See Slack, 529 U.S. at 484. The lack of adequate notice may have been one of the stronger arguments on appeal in light of Burns v. United States, 501 U.S. 129, 138-39 (1991) (holding that Rule 32 of the Federal Rules of Criminal Procedure requires reasonable notice "before a district court can depart upward"). With the

benefit of hindsight, this court might have received such an argument well.  See

United States v. Dozier, 444 F.3d 1215, 1217-18 (10th Cir. 2006) (holding Rule

32(h)'s notice requirement survives Booker); United States v. Redmond, 2010 WL

2881515, at *8 (10th Cir. July 23, 2010) (noting Rule 32(h)'s notice requirement

applies only to "'non-Guideline sentences imposed under the framework set out in

the Guidelines'" (quoting Irizarry v. United States, 128 S. Ct. 2198, 2202 (2008))).

Mr. McConnel has alleged sufficient prejudice: (1) proper notice may have

afforded counsel the opportunity to develop an impeachment strategy against the

government's witnesses and to present an exculpatory witness; and (2) the surprise

testimony caused the district court to increase his criminal history category and,

therefore, his sentence by eight months.  Pet. Br. at 15.  These allegations merit a

COA.

We GRANT a COA as to the fifth claim, ineffective assistance of appellate

counsel for failure to appeal the issue of inadequate sentencing notice, DENY a

COA and DISMISS the appeal as to the remaining claims, and GRANT IFP status.

Within 45 days of the date of this order, the government shall file a

response brief.  Defendant may file an optional reply brief within 21 days of the

date the response brief is served.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 8 -