**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff – Appellant,

v.

JOSEPH EDWARD MCCONNEL,

    Defendant - Appellant.

No. 12-6092
(D.C. Nos. 5:07-CV-00980-M and
5:02-CR-00009-M-1)
(D. W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING CASE**

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

In 2002, the district court sentenced Joseph Edward McConnel to 71 months of imprisonment and three years of supervised release following his conviction on four counts of violating federal firearm laws. *United States v. McConnel*, 425 F. App'x 691, 692 (10th Cir.), *cert. denied*, 132 S. Ct. 279 (2011). We affirmed his conviction and sentence. *United States v. McConnel,* 464 F.3d 1152, 1164 (10th Cir. 2006).

He later moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The district court denied his motion. *McConnel*, 425 F. App'x at 691. In considering his appeal from that disposition, we denied his request for a certificate of appealability (COA) on all but one of his claims. *Id.* However, we granted a COA to consider his

ineffective assistance of counsel claim. *Id.* at 692. The surviving claim asserted that appellate counsel should have, but did not, challenge as untimely the government's request for an upward departure.[1] *Id.* at 692-93. We remanded the case to allow "the district court [to] resolve any issues of deficient performance and prejudice, which may include developing the facts." *Id.* at 691.

On remand, the district court again denied McConnel's motion. Since he had, by then, served his entire sentence, including the term of supervised release, it concluded the motion was moot.[2] It also denied his motion to proceed on appeal without prepayment of fees. *See* 28 U.S.C. § 1915.[3]

He requests a COA from us in order to contest the mootness holding. In his view, his § 2255 motion was justiciable when filed, as he was then in custody, and it remains justiciable until decided. He overlooks the very nature of the mootness doctrine; it comes into play because of changed circumstances.

A COA is a jurisdictional prerequisite to our review of a motion for § 2255 relief. 28 U.S.C. § 2253(a), (c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). We will

---

[1] "The day before Mr. McConnel's sentencing . . . the government's sentencing memorandum announced for the first time that it was seeking an upward departure on his criminal history, based on a post-conviction firearms sale in July 2002." *McConnel*, 425 F. App'x at 693.

[2] McConnel did not explicitly request a COA with the district court but did seek a COA in this court using the form we provide for this purpose. *See* 10th Cir. R. 22.1(A).

[3] The district court concluded he had "not presented a reasoned, nonfrivolous argument on appeal and that the appeal is not taken in good faith." (District Court Order of 05/17/12 at 1.) He has renewed his request here to appeal without prepayment of fees with this Court.

issue one "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller–El*, 537 U.S. at 338.

McConnel confuses two pertinent questions of timing—one statutory and one constitutional—associated with § 2255 motions. The statutory question is whether the movant was "in custody" at the time the request was made. 28 U.S.C. § 2255; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). He was; therefore, the district court had an obligation to address, but not necessarily to decide, his motion.

That is because a "more substantial question" exists—c*onstitutional* mootness. *See Spencer,* 523 U.S.at 7. This question "subsists through all stages of federal judicial proceedings." *Id.* (quotations omitted). When a prisoner's § 2255 motion challenges the underlying conviction, the prisoner's release from custody does not moot the request because a conviction carries collateral consequences that persist even after release. *Id.* On the other hand, when the motion challenges only the sentence, the movant must demonstrate "continuing 'collateral consequences'" to overcome a mootness challenge. *Id.* McConnel complains only about the length of his sentence, not the validity of the conviction. He does not describe, as is his burden, any continuing collateral

consequences which would require his motion to be resolved. *See Hernandez v. Starbuck,* 69 F.3d 1089, 1093 (10th Cir. 1995) (noting the appellant "bears the burden of demonstrating the alleged error"). His motion was moot and the district court lacked jurisdiction to decide it. *See Spencer*, 523 U.S. at 7.

Based on this "preliminary, though not definitive" analysis, no reasonable jurist could debate the correctness of the district court's mootness determination. *See Miller–El*, 537 U.S. at 338. McConnel's application for a COA is denied.

We also deny McConnel's request to appeal without prepayment of fees. He must immediately pay the full filing and docketing fees to the Clerk of the District Court. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay all fees in full).

DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge