**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Keith Francis MICHAEL, Defendant–Appellant.**

No. 89–1274.

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1990.

Wes Ball, Arlington, Tex. (court appointed), for defendant-appellant.

Joe C. Lockhart, J. Michael Worley, Asst. U.S. Attys., and Marvin Collins, U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before HIGGINBOTHAM, SMITH and DUHE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Keith Francis Michael pleaded guilty to a charge of knowingly and unlawfully making a firearm identified as a pipe bomb, in violation of 26 U.S.C. §§ 5861(f) and 5871. Michael's sentence consisted of five years' imprisonment, a subsequent three-year term of supervised release, and a $50 mandatory special assessment. Michael appeals both the five-year sentence, arguing it is an unjustified departure from the sentencing guidelines, and the $50 assessment, arguing that it violates article I, section 7,

of the United States Constitution. Finding the record insufficient to sustain the sentence, we vacate and remand.

## I.

The district court's factfindings, made at the time of sentencing, included the following: Beginning in 1986 or 1987, Michael began buying gunpowder and experimenting with the making of various types of explosive equipment and eventually made a pipe bomb. Michael, along with his brother, experimented with a pipe bomb that went off, causing injury to Michael's hands. Michael later experimented with making bombs in his garage and attended gun shows and bought books to determine how to make bombs or silencers or booby traps.

In late 1987 or January 1988, Michael manufactured two pipe bombs. He later placed one of these bombs on the ground under or near the vehicle of Serapio Romero, a co-worker. This bomb burned itself out and hence did not explode.

Several persons subsequently handled the two bombs at various times. Eventually, one bomb was lost in an alley by persons other than Michael. About three or four weeks later, a bomb exploded in the same alley, causing injury to several children and the death of an eight-year-old boy, Max Herrera.

At the March 17, 1989, sentencing hearing (following a January 9, 1989, plea hearing), the district court adopted the factual findings of the presentence investigation report (PSI), including those facts in the government's addendum to the PSI (which were basically the same facts as those in the government's factual resume). The court also made additional findings of fact at the hearing. In particular, among the facts found at the hearing that were not taken from the PSI (or the government's addendum) were those concerning the extended experimentation with the bombs and the incident that caused the injury to Michael's hands.

The court relied upon several facts to support departure from the sentencing guidelines. These were the extended period of experimentation with bomb-making, the making of two bombs in late 1987 or early 1988, and the placing of one of these bombs, which had been lighted but did not explode, near Romero's vehicle. The latter act was found to show a disregard for human beings or property and an intent to bring about harm or damage to individuals, life, or property.

## II.

Michael argues that there was insufficient evidence for the district court to find as matters of fact (1) that Michael experimented extensively with explosives and exploded a bomb in the presence of his brother, injuring himself, or (2) that Michael planted a bomb under or near the car of one of his co-workers.

We review these factual conclusions of the district court under a clearly-erroneous standard. *See United States v. Otero*, 868 F.2d 1412, 1414 (5th Cir.1989). Moreover, according to the commentary to section 6A1.3 of the sentencing guidelines, "In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. Any information may be considered so long as it has 'sufficient indicia of reliability to support its probable accuracy.' Reliable hearsay evidence may be considered" (citations omitted).

■ Despite our deference to the district court, we agree with Michael as to the first factual determination: Nothing in the record supports this finding. The court refers to "various information" and "what's been furnished to the Court" as supporting its finding, but nothing more specific appears in the record. Where the court in no way identifies either the source or nature of the "information" upon which it relies, we have no way of evaluating whether that information had "sufficient indicia of reliability."[1] Therefore, we

---

1. We note that in the pre-guidelines case of *United States v. Fatico*, 579 F.2d 707, 711–13 (2d Cir.1979), *cert. denied*, 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980), the court permitted

must conclude that this factfinding is clearly erroneous.

■ However, as to the finding that he placed a bomb under or near a co-worker's car, Michael agreed with the government that there was testimony supporting that version of the facts. He merely disagreed as to the credibility of that testimony and asked for the district court to resolve the matter.

At the hearing, the district court stated, "The fact that this defendant did acknowledge that he placed a bomb under or near the vehicle owned by a person, Serapio Romero, for the purpose of either injuring or bringing harm to a human life or property is in the opinion of the Court reasons for departure." Michael argues that he never made any such acknowledgement and that the district court was thus basing its finding upon an erroneous preliminary fact. However, there was *testimony* that Michael *admitted* to placing the bomb under Romero's car. Thus, the court was simply making a credibility determination, choosing to believe the testimony of others over that of Michael. The trial court is not clearly erroneous in making such a choice, as "[c]redibility determinations are peculiarly within the province of the trier-of-

fact. . . ." *United States v. Sarasti,* 869 F.2d 805, 807 (5th Cir.1989).

### III.

■ As explained in *United States v. Burch,* 873 F.2d 765, 768 (5th Cir.1989), under 18 U.S.C. § 3553(b), if the court finds "that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," the sentencing court may then depart from the guidelines and impose a sentence outside the guideline range, provided that the court states the reasons for its departure and that the sentence imposed is reasonable in light of the articulated reasons.

The record shows that the court based its departure from the guidelines upon the two factfindings discussed in part II of this opinion. While the court did seem to put greater emphasis upon the second factor, we cannot say that it did not also rely upon the first factor as a necessary part of the basis for its departure. Therefore, as we have found the first factor clearly erroneous, we remand to the district court to resentence Michael, basing its sentence only upon factors supported by evidence in the record.[2]

an out-of-court statement by an unidentified informant to be used at a sentencing, but there the trial court provided good cause for not allowing confrontation and required "additional corroboration" upon the government. Similarly, in *United States v. Cuellar–Flores,* 891 F.2d 92, 93 (5th Cir.1989), while the court relied upon uncorroborated hearsay testimony, it was from an identified and reliable source. *Cf. United States v. Johnson,* 823 F.2d 840, 842 (5th Cir.1987) (a pre-guidelines case reversing resentencing because the district court did not have an "acceptable evidential basis" by which to resolve factual disputes against defendant at sentencing).

**2.** We note that the second factor alone would have provided a reasonable basis for departure, in the discretion of the district court. The offense to which Michael pleaded guilty (violation of 26 U.S.C. § 5861(f)) had an offense level of 12 under the sentencing guidelines applicable at the time. As Michael's criminal history placed him in category I, the guidelines recommended a sentence range of 10 to 16 months in the instant case (6 to 12 months if the offense level were reduced to 10 for Michael's acceptance of responsibility). The court imposed a 60–month sentence, significantly beyond the guideline sen-

tencing range but still only half of the statutory maximum.

Michael's placing of a bomb under or near the car of one of his co-workers provides ample ground for a departure from the guidelines, again within the district court's discretion. The relevant guideline provision, § 2K2.2 (receipt, possession, or transportation of firearms in violation of the National Firearms Act) (as amended January 15, 1988, but prior to the November 1, 1989, amendments), did not directly encompass the reckless use of those firearms in a destructive capacity. The applicable version of guideline § 2K2.2(c)(1) read, "If the defendant *used the firearm in committing or attempting* another offense, apply the guideline for such other offense or § 2X1.1 (Attempt or Conspiracy), if the resulting offense level is higher than that determined above." Unless specific intent to kill or do bodily harm could be established, presumably no crime with an offense level above 12 could be charged for placing, under or near a car, a bomb that never exploded. The guidelines therefore did not take into account Michael's dangerous behavior.

Michael claims that even had a death resulted, reckless homicide would carry the highest of-

## IV.

Michael argues that we must remand for resentencing because of the district court's alleged failure to follow the provisions of Fed.R.Crim.P. 32 and section 6A1.3 of the sentencing guidelines. In particular, Michael points to section 6A1.3(b), which states, "The court shall resolve disputed sentencing factors in accordance with rule 32(a)(1), Fed.R.Crim.P. (effective Nov. 1, 1987), notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence."

The district court based its departure from the sentencing guidelines largely upon facts drawn from the factual resume submitted by the government at the plea hearing. Michael contends that the district court failed to give him proper notice of the departure, because in the PSI prepared by the probation officer the government's factual resume was stated along with Michael's written objections to that version of the facts, and no conclusion was drawn by the probation officer as to which version was correct.

Michael thus argues that he adequately identified the existence of disputed facts as required by section 6A1.3(a), but that the district court gave him no proper notice of its tentative factual findings. Michael claims that the district court was required to give him advance notice, because the probation officer recommended that no departure be made from the guidelines and yet the district court chose to make a departure. We review for abuse of discretion, within the meaning given by *United States v. Burch*, 873 F.2d at 767–68:

> fense level, under the guidelines, of any of the crimes with which he might be charged and that this offense level (14) still would result in a sentence of less than five years under the guidelines. Michael thus argues that the five-year sentence was unreasonable. However, in the case of a bomb's being placed under a car, it seems likely that had it exploded and caused a death, even if no intent to kill could be proven, such would be the type of recklessness that might meet the extreme recklessness murder standard.
>
> Michael also asserts that placing a bomb under or near a car would be a use of the firearm

The method by which the district court chooses to address the requirements of Rule 32(c) and guideline 6A1.3(b) in a given case is for that court to select. As the guidelines direct, '[t]he sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law.' Sentencing Guideline 6A1.3, commentary. The only requirement we make is that the record reflect the trial court's resolution of any disputed sentencing factors in accordance with the federal rules and the guidelines.

### A.

■ Michael contends that the closest thing he received to a notice of tentative findings was the PSI, which indicated that departure from the guidelines would not be necessary. However, the PSI made no attempt to resolve the disagreement between Michael's version of the facts and that of the government. Also, the recommendation not to depart from the guidelines, an exercise of discretion as distinguished from a factual finding, should not be included as a "tentative finding" in section 6A1.3(b). As we stated in *Burch*, 873 F.2d at 767, the PSI "forms the *factual* basis for the judge's sentencing determination" (emphasis added). Regarding disclosure prior to the hearing, the court is expected only to permit the defendant and his counsel to read the information in the PSI, not any final recommendation as to the sentence. *See* Fed.R.Crim.P. 32(c)(3)(A).

Nothing in the rules of criminal procedure or the guidelines indicates that the court must give notice to the defendant

> already contemplated by the guidelines, because under the applicable version of § 2K2.2(b)(3), if the defendant obtained or possessed the firearm solely for sport, recreation, or collection, the base offense level is decreased by six. However, § 2K2.2(b)(3) encompasses only a distinction drawn on the basis of the purpose of the possession; it does *not* distinguish between possession that is accompanied by dangerous uses and mere possession. Therefore, the dangerousness of Michael's use of the bombs was not adequately considered by the guidelines, and as such, provides a logical basis for an aggravating factor justifying departure from the guidelines.

prior to the sentencing hearing if it intends to ignore the PSI's recommendation. Indeed, such a requirement would be equivalent to requiring the court to issue its decision before the formal announcement at sentencing.

## B.

■ Michael strenuously argues that he brought the disputed facts to the attention of the court,[3] yet at the same time he alleges that he did not have proper notice of the court's findings to enable him to submit his own arguments in response. With regard to those findings that accepted the facts set forth in the government's resume, Michael had adequate notice. Where the court's factual findings were primarily a resolution of factual disputes between Michael and the government, Michael was on notice that the court would adopt either his proposed findings or the government's, and that he and his counsel should be prepared to submit supportive evidence.[4] The fact that Michael was adequately apprised of the court's imminent resolution of the factual dispute, that the court announced its factfindings at the beginning of the hearing, and that it granted to Michael and his counsel an opportunity to make objections or present arguments in response, gave Michael the "reasonable opportunity for the submission of oral or written objections before imposition of sentence" required by section 6A1.3(b).

Michael and his counsel had the opportunity in open court to submit any arguments they wished to make contesting the particular factfindings of the court. Moreover, before the court issued its sentence, it stated that it would be using its announced factfindings to justify a departure from the guidelines, so Michael was aware of the

consequences of not making any response or counter-arguments to those findings. Thus, the court complied with rule 32(a)(1). In summary, given that Michael was aware, prior to the hearing, of the issues in controversy, the court provided him with adequate notice of its tentative findings as required by guideline section 6A1.3(b) by announcing its findings at the beginning of the sentencing hearing and giving Michael an opportunity to present objections. *Accord United States v. Wise*, 881 F.2d 970, 972–73 (11th Cir.1989).

This result is also consistent with our decision in *Otero*, 868 F.2d at 1415, where we commented on rule 32(a)(1), noting,

> This rule contemplates that the court may base its sentencing decisions on matters not raised in the presentence report. If, however, the court intends to rely on any such additional factor to make an upward adjustment of the sentence, defense counsel must be given an opportunity to address the court on the issue. Otherwise, the purpose of Rule 32(c), to ensure the accuracy of sentencing information, would be defeated. [Footnote omitted.]

Thus, the opportunity that must be given to defense counsel, when the court relies upon factors not in the presentence report to make an upward adjustment, is the opportunity explicitly given to defense counsel by the text of rule 32(a)(1), which provides defendant and his attorney with "an opportunity to comment [at the sentencing hearing] upon the probation officer's determination and on other matters relating to the appropriate sentence."

*Otero* appears to interpret rule 32(a)(1) as simply an assurance that the defendant's attorney is permitted to comment not only upon matters within the PSI but

---

**3.** Apparently, he did so in a manner sufficient to prevent waiver under *United States v. Velasquez*, 868 F.2d 714, 715 (5th Cir.1989). Both at the plea hearing and at sentencing, counsel for Michael made his objection to the government's version of the facts sufficiently known.

**4.** Rule 32(a)(1) sets forth various notice-related duties of the court to the defendant before imposition of sentence. Subparts (A), (B), and (C) enumerate the requirements that defendant and

his counsel have had an opportunity to read and discuss the PSI, that defendant's counsel has had an opportunity to speak on behalf of the defendant, and that the court address the defendant personally and ask whether he wishes to make a statement in his own behalf and to present any information in mitigation. There is no evidence in the record to suggest that the court failed to comply with any of these requirements.

also upon any matters, not in that report, that the court uses to make its determination. *Otero* thus supports only a defendant's opportunity to comment at the hearing, not any requirement that the court issue its tentative factfindings and sentence prior to the hearing.

V.

 Michael asserts that 18 U.S.C. § 3013, under which the court imposed the $50 special assessment, violates the origination clause, U.S. Const. art. I, § 7, cl. 1. Recently, we specifically held otherwise. *See United States v. Herrada*, 887 F.2d 524 (5th Cir.1989), *petition for cert. filed* (Dec. 27, 1989).

VACATED and REMANDED.