**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-50100

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

PATRICIO CRUZ, also known as Ticho,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-99-CR-0972)

July 18, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Patricio Cruz pleaded guilty to one count of possession with intent to distribute more than 100 kilograms of marijuana and to one count of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana.  Cruz was sentenced to two 108-month prison terms, to be served concurrently, a five-year term of

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

supervised release, and a special assessment of $200. He timely appealed his sentence. Finding that the amount of marijuana attributed to him under the sentencing guidelines was based in part on a confidential informant's uncorroborated report, we vacate his sentence and remand for resentencing.

I.

According to the factual basis provided by the government at Cruz's rearraignment, on February 2, 1999, the FBI received information from a confidential source of information (SOI) that Patricio Cruz and a person whose first name was "Angel" were involved in a plan to ship a load of marijuana in a tractor-trailer bearing a specific logo, which was parked in a K-Mart parking lot in El Paso, Texas. The FBI confirmed that the specified vehicle was at the K-Mart, and early in the morning of February 3, 1999, after the vehicle left the parking lot, El Paso County sheriff's deputies stopped the vehicle upon observing it drifting onto the shoulder of the road. As the officers approached the cab, they noticed a strong marijuana odor emanating from the trailer. The driver and a passenger gave consent to a search of the vehicle. The officers found approximately 300 pounds of marijuana in large bags under the sleeper mattress in the cab and more than 1,000 pounds of marijuana wrapped in cellophane and packaged in boxes underneath wooden pallets in the trailer portion of the vehicle.

The total weight of marijuana seized by the officers on February 3 was 1,392 pounds (631.41 kilograms). The driver told the officers that he was hired by Angel Tafoya, who was supposed to be following the tractor-trailer in another vehicle accompanied by Cruz.

Tafoya was arrested on June 1, 1999, and admitted to the officers that he hired the driver and passenger involved in the February 3 seizure of marijuana. Tafoya also stated that Cruz was involved in the conspiracy to transport the marijuana, and that he was hired by Cruz to find the drivers and to accompany the load of marijuana to Dallas. According to the government's factual basis, the passenger in the tractor-trailer was prepared to testify that Cruz's job was to coordinate the transportation of the marijuana, i.e., locating a truck and drivers, arranging for lodging, and providing return-transportation for all involved.

In response to the government's proffered factual basis, Cruz asserted that he thought that the only marijuana being transported was the 300 pounds of marijuana found in the cab of the truck, which he had helped load. Cruz argued that the different types of packaging of the marijuana in the cab and the marijuana in the trailer should support his assertion. After offering this clarification to the factual basis, Cruz pleaded guilty to possession with the intent to distribute more than 100 kilograms of marijuana and conspiracy to possess with intent to distribute more than 100 kilograms of marijuana.

The presentence report (PSR) issued after Cruz's rearraignment

3

detailed the February 3 incident, including the full 1,392 pounds seized from the trailer and cab of the tractor-trailer as relevant conduct. The PSR also included in the amount of marijuana Cruz should be responsible for as relevant conduct approximately 10,000 pounds (4,430.31 kilograms) of marijuana seized by the FBI at an El Paso warehouse on April 13, 1999. According to the PSR, a confidential SOI reported that Cruz made two trips to Mexico to pick up $120,000 for transporting 10,000 pounds of marijuana to El Paso. The PSR detailed no other evidence corroborating the SOI's report connecting Cruz to the 10,000 pounds seized on April 13. The total marijuana attributed to Cruz in the PSR was 5,061 kilograms, for an offense level of 34 under the sentencing guidelines. The PSR recommended a three-level reduction for acceptance of responsibility; the resulting offense level of 31 carried a guideline range of imprisonment from 108 to 135 months.

Cruz objected to the PSR on the grounds that the marijuana seized on April 13 should not be attributed to him, because the allegation that he was involved with the transportation of the 10,000 pounds was based only on the uncorroborated and unreliable report of an SOI who was not available for cross-examination, and that he should be held accountable only for the 1,392 pounds seized on February 3 for which he had been charged. Cruz also objected that the PSR should have recommended a downward adjustment in his offense level for his minor role in the offense because he "did nothing more than help load 300 lbs. of marijuana and he found some

4

drivers for Tafoya."

The government responded to the objection regarding the April 13 marijuana seizure by revealing more details of the SOI's report: that the SOI informed the FBI that Cruz and another member of the conspiracy, after retrieving the money for the transportation of the 10,000 pounds and after learning that the marijuana had been subsequently seized, hid the $120,000 they had received. The government did not, however, indicate that any details of the SOI's report linking Cruz to the 10,000 pounds of marijuana could be corroborated by other evidence. Regarding the failure to recommend a two-level downward departure for minor participation, the government argued that Cruz's own admission described his role as more than a mere mule in the transportation of the marijuana. The government pointed out that Cruz admitted that he coordinated the transportation, hiring the truck and drivers and helping to load 300 pounds of the seized marijuana, which was a sufficiently large role to make him as culpable as other defendants in transporting the marijuana.

At the sentencing hearing, Cruz's counsel again argued that, because Cruz only helped load the 300 pounds found in the cab of the tractor-trailer, his role was a minor one. He expressly limited his objection regarding the 300 pounds of marijuana, however, to the question of whether Cruz played a minor role in the transportation of the marijuana: "[J]ust for the record, I'm not objecting that he was only responsible for 300. We understand he's

responsible for the entire amount. . . . As far as [Cruz's] knowledge and involvement with what was happening, and I was just offering that to show that perhaps there is something to what he is saying that he is a minor role."

The district court overruled Cruz's objections and sentenced Cruz to the minimum imprisonment under the guideline range, 108 months, followed by 5 years' supervised release, and a $200 special assessment. Cruz timely appealed. On appeal, he argues that (1) the 10,000 pounds of marijuana seized on April 13 should not be included in the amount of drugs used for sentencing because its inclusion was based on a confidential informant's report that was uncorroborated and had no other indicia of reliability; (2) he should be held responsible only for the 300 pounds of marijuana found in the cab of the tractor-trailer because he had no knowledge of the 1,092 pounds of marijuana found in the trailer and could not have reasonably anticipated that more marijuana was involved in the smuggling conspiracy; and (3) the district court should have applied the two-level downward departure to Cruz for having had a minor role in the offense.

## II.

### A.

The district court's sentencing determinations of drug

quantities and relevant conduct are factual determinations that we review for clear error. United States v. Kelley, 140 F.3d 596, 609 (5th Cir. 1998) (citing United States v. Reyna, 130 F.3d 104, 112 (5th Cir. 1997); United States v. Wilson, 116 F.3d 1066 (5th Cir. 1997); United States v. Leal, 74 F.3d 600, 607 (5th Cir. 1996)). "There must be an acceptable evidentiary basis for the court's factfindings at the sentencing hearing. The district court's findings are not clearly erroneous if they are plausible in light of the record reviewed in its entirety." Id. (citing United States v. Narvaez, 38 F.3d 162, 166 (5th Cir. 1994)).

For purposes of sentencing, the district court may rely on any relevant evidence "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; see also United States v. Young, 981 F.2d 180, 185 (5th Cir. 1993). While the burden is on the defendant to "demonstrat[e] that information the district court relied on in sentencing is materially untrue," Young, 981 F.2d at 185 (internal quotations omitted), when the defendant successfully argues that the information relied on by the sentencing court is not "reasonably reliable," we cannot uphold the sentence. United States v. Shacklett, 921 F.2d 580, 584-85 (5th Cir. 1991); see also United States v. Rodriquez, 897 F.2d 1324, 1328 (5th Cir. 1990) ("[A]s [the defendant] presented no rebuttal evidence, the district court had discretion to adopt the PSI's facts without more specific

7

inquiry or explanation, <u>provided that those facts had an adequate evidentiary basis</u>.") (emphasis added).

A PSR generally bears sufficient indicia of reliability to be considered as evidence by a sentencing judge when making factual determinations, but unsupported and uncorroborated statements "do not acquire the patina of reliability by mere inclusion in the PSR." <u>United States v. Narviz-Guerra</u>, 148 F.3d 530, 537 (5th Cir. 1998). The out-of-court declaration of a confidential informant may be relied upon by the sentencing court when "there is good cause for the nondisclosure of his identity and there is sufficient corroboration by other means." <u>United States v. Rogers</u>, 1 F.3d 341, 343 (5th Cir. 1993) (citing U.S.S.G. § 6A1.3).

In the present case, Cruz argues that the PSR indicates no other evidence corroborating the SOI's report that Cruz was involved in a conspiracy to possess the 10,000 pounds of marijuana seized on April 13. We agree. Throughout the sentencing proceedings and on appeal, the government has indicated no further evidence tending to corroborate the details of the SOI's report. Our review of the record reveals nothing that corroborates the report of the SOI that Cruz received $120,000 for the transportation of the marijuana seized on April 13 or that he subsequently hid these proceeds. Unlike the evidence relating to the marijuana seized on February 3, there is no evidence that the SOI's report was corroborated by further investigation or by statements of witnesses or co-conspirators. Accordingly, we must

8

find that the district court clearly erred when it relied on the PSR to include the 10,000 pounds of marijuana seized on April 13 in its sentencing determination.  See Narviz-Guerra, 148 F.3d at 537; Shacklett, 921 F.2d at 584; United States v. Michael, 894 F.2d 1457, 1459-60 & 1459 n.1 (5th Cir. 1990).

This error was not harmless.  See Narviz-Guerra, 148 F.3d at 537-38 (examining whether the sentencing error resulting from the district court's reliance on an insufficiently reliable PSR was harmless by evaluating whether the error led to an increased sentence); see also United States v. Misher, 99 F.3d 664, 671 (5th Cir. 1996).  The inclusion of the 10,000 pounds of marijuana seized on April 13 increased Cruz's base offense level to 34.  If the district court had limited the relevant conduct to the 1,392 pounds of marijuana seized on February 3, Cruz's offense level would have been 28.  U.S.S.G. § 2D1.1(c).  After applying the three-level reduction for acceptance of responsibility, the maximum imprisonment Cruz could have been sentenced to under the lower offense level would have been 71 months, significantly less time than the 108 months he received.

B.

Cruz did not object before the sentencing court to the inclusion of the full 1,392 pounds of marijuana seized on February 3 as relevant conduct.  Cruz's counsel expressly informed the

court that he was emphasizing his role in loading 300 pounds of marijuana into the cab of the truck not as an objection to being held responsible for the marijuana in the trailer, but strictly to support his objection that he played a minor role in the conspiracy. Because Cruz's counsel expressly assented to being held responsible for the full 1,392 pounds, he waived any objection to the inclusion of the 1,092 pounds of marijuana found in the trailer as relevant conduct, and we are precluded from reviewing his argument on appeal that he should be held responsible only for the 300 pounds seized from the cab of the tractor-trailer. United States v. Olano, 507 U.S. 725, 732-33 (1993) ("The first limitation on appellate authority under Rule 52(b) is that there indeed be an 'error.' Deviation from a legal rule is 'error' unless the rule has been waived. . . . [W]aiver is the 'intentional relinquishment or abandonment of a known right.'") (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

C.

Cruz's final argument on appeal is that the court erred in not applying a two-level reduction to his offense level pursuant to section 3B1.2 of the sentencing guidelines for minor participation. A minor participant is defined as "any participant who is less culpable than most other participants." U.S.S.G. § 3B1.2, Application Note 3. "Culpability is a determination requiring

10

sensitivity to a variety of factors." United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). The defendant "bears the burden of proving his minor role in the offense by a preponderance of the evidence." United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995) (citing United States v. Zuniga, 18 F.3d 1254 (5th Cir. 1994)). The minor participant downward adjustment is intended to be applied infrequently "because most offenses are committed by participants of roughly equal culpability." Id. (citing United States v. Allibhai, 939 F.2d 244, 254 (5th Cir. 1991)). Accordingly, the sentencing court's application of the minor participant sentencing guideline is a "sophisticated factual determination" that we review under the clear error standard. Buenrostro, 868 F.2d at 137.

Cruz argues that he was a minor participant because he was neither the chief organizer of the drug smuggling operation nor the owner of the marijuana. However, "[i]t is improper for a court to award a minor participation adjustment simply because a defendant does less than the other participants. Rather, the defendant must do enough less so that he at best was peripheral to the advancement of the illicit activity." United States v. Thomas, 932 F.2d 1085, 1092 (5th Cir. 1991). Cruz admitted to hiring the drivers for the tractor-trailer, personally helping to load the 300 pounds of marijuana found in the cab of the tractor-trailer, and planning to escort the load from El Paso to Dallas. Additionally, the government presented statements by Tafoya and the passenger in the tractor-trailer that Cruz was the coordinator of the transportation

11

of the marijuana, responsible for hiring Tafoya and the truck, arranging for lodging for the drivers and the people in the escort vehicle, and for the return transportation of the others involved upon delivery of the marijuana to Dallas. His participation was beyond that of a mere courier and was integral to advancement of the illicit activity. See id.; see also Brown, 54 F.3d at 241; United States v. Nevarez-Arreola, 885 F.2d 243, 245 (5th Cir. 1989). In light of Cruz's admissions and the government's evidence, the sentencing court's refusal to apply a reduction for minor participation by Cruz was not clearly erroneous.

## Conclusion

For the foregoing reasons, we VACATE the sentence of the district court, and REMAND for resentencing. The district court may hold a new sentencing hearing at which the government and the defendant may introduce evidence relevant to Cruz's involvement with the marijuana seized on April 13, 1999.